CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILANDER MCFARLAND, ) | |
| Plaintiff, ) | Civil Action No. 7:24-cv-00481 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| UNITED STATES OF AMERICA, ) | Chief United States District Judge |
| Defendant. ) | |

**MEMORANDUM OPINION**

Philander McFarland, a federal inmate acting *pro se*, brought this action alleging medical malpractice pursuant to the Federal Tort Claims Act (FTCA). The United States filed a motion to dismiss (Dkt. No. 12), and McFarland responded to that motion (Dkt. No. 17). McFarland has also moved to reconsider the court's order substituting the United States for the defendants named in the complaint (Dkt. No. 16).[1] Finally, McFarland filed a motion to amend his complaint to add a claim for monetary damages (Dkt. No. 20), apparently in response to the United States' position that injunctive remedies are not available under the FTCA.

For the reasons stated below, McFarland's motion to amend will be denied, his motion to reconsider will be denied, and the United States' motion to dismiss will be granted.

I. BACKGROUND

McFarland filed this action on July 26, 2024, against Pamela Polly, Sareena Scott, and Vibeke Dankwa – all medical staff members at the United States Penitentiary in Lee County, Virginia (USP Lee). He alleges that on January 31, 2024, his vitals were checked at USP Lee by medical staff Sareena Scott and Pamela Polly. Scott and Polly prescribed a new medication, amlodipine, for him. The prescription was co-signed by another member of the medical staff,

---

[1] McFarland filed an updated response in support of this motion, with exhibits, that has been considered by the court in issuing this opinion and order. (Dkt. No. 22.)

Vibeke Dankwa. Amlodipine has a warning that it may cause dizziness. On February 2, 2024, McFarland became dizzy and fell, causing a head injury. (Compl. 2.) He visited the medical department and was given a band-aid. (*Id.* at 3.)

McFarland submitted an administrative claim under the FTCA for $13,000.00, which was denied on April 23, 2024. The denial letter stated: "Investigation into your claim revealed no basis for settlement. There is no indication staff negligence caused the injuries you claim. Records reflect you have received continuous care for your medical needs. Additionally, you never reported your fall to medical staff or requested treatment for a fall on or around the timeframe you allege the fall took place." (*Id.* at 4, Attachment A.)

In this lawsuit, McFarland requests that his medication be discontinued. He has also filed a motion to amend his complaint to request 1.5 million dollars due to "permanent" injury damage to his cranium. (Dkt. No. 20.)

The government filed a motion to substitute the United States as the defendant in this action, which motion was granted on October 7, 2024. (Dkt. No. 11.) McFarland filed a motion that was docketed as a motion to reconsider the United States' substitution as defendant in this matter (Dkt. No. 16) along with other documents in support of the motion (Dkt. Nos. 19, 21).

## II. ANALYSIS

### A. Motion to Amend Complaint

The government's motion to dismiss argues, in part, that plaintiff did not request damages in his complaint, and instead sought relief that was unavailable in an FTCA action. McFarland then moved to amend his complaint to include a request for damages. Plaintiff's motion was filed more than 21 days after the government's motion to dismiss was filed, so McFarland is not entitled to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). The

court will deny the motion to amend because allowing the amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (explaining that leave to amend under Rule 15(a) can be denied if the amendment in circumstances involving bad faith, undue prejudice to the opposing party, or futility of the amendment). Even if McFarland were allowed to rectify the issue related to monetary damages, his complaint still fails to state a claim, as set forth below.

**B. Motion to Reconsider Substitution**

The court granted the motion to substitute the United States for Scott, Polly, and Dankwa because, under the FTCA, a suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). The United States Attorney for the Western District of Virginia certified that at the time of the conduct alleged by McFarland, Scott, Polly, and Dankwa were acting within the scope of their employment. (*See* Dkt. No. 10-1.)

McFarland's motion to reconsider is governed by Federal Rule of Civil Procedure 54(b), which allows district courts to "revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light . . ." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *see also* Fed. R. Civ. P. 54(b) (providing that a district court may revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The court may revise an interlocutory order in the following circumstances: (1) a subsequent trial producing substantially different evidence, (2) a change in applicable law, or (3) clear error causing manifest injustice." *Carlson*,

3

856 F.3d at 325. Plaintiff's motion and additional pleadings in support of the motion do not provide or suggest any grounds for the court to reconsider its ruling, such as a clear error of law. Instead, the law is clear that the United States is the only proper defendant in this matter. *See, e.g., Moore v. United States*, Civil Action No.: JRR-23-2038, 2025 WL 637449, at *5 (D. Md. Feb. 27, 2025) (explaining that the defendants "provided a certification from the United States Attorney for the District of Maryland attesting that each individual Defendant was each acting within the scope of employment during the alleged incidents. Thus, Mr. Moore's FTCA claim . . . against Defendant in their individual capacities must be dismissed, leaving the United States as the sole defendant").

Accordingly, the court will deny McFarland's motion to reconsider.

**C. Motion to Dismiss by the United States**

The United States has moved to dismiss McFarland's complaint. When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

Here, McFarland attempts to allege a medical malpractice claim under the Federal Tort Claims Act. FTCA liability is "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)1). Because the injury alleged by McFarland occurred at USP Lee in Virginia, the court must apply the law of Virginia in determining whether McFarland alleged a plausible claim for medical malpractice. In Virginia, a medical malpractice plaintiff "must establish not only that the defendant violated the applicable standard of care, and was therefore negligent, he must also sustain the burden of showing that the negligent acts constituted a proximate cause of the injury." *Mack v. United States*, Action No. 2:22cv315, 2024 WL 4285514, at *4 (E.D. Va. Apr. 12, 2024) (citing *Dixon v. Sublett*, 809 S.E.2d 617, 620 (Va. 2018)).

The United States correctly stated in its motion that McFarland sought only injunctive relief and that such relief is not available under the FTCA. Additionally, it correctly stated that

McFarland cannot amend his complaint by seeking monetary damages in his briefing. Apparently, this led McFarland to seek to amend his complaint to add monetary damages.

In response to the Motion to Dismiss, McFarland references biomedical "life processes" and uses phrases such as "biomedical-malpractice", "dereliction/negligence", and "medical surveillance/supervision professional duty or professional skill (processes) were avoided". (Dkt. No. 17 at 1.) McFarland filed a later petition pertaining to his motion for reconsideration that includes the same or similar phrases. (Dkt. No. 21.) He also references "eternal disaster, global grave death incline, global war incline, global urbanization decline, weaponized global air pollution advanced, COVID-19/coronavirus pandemic—pandemonium, eternal cosmos disaster. . (WTO) World Trade Organization crises.. etc. (understand: this is a global and cosmos entrepreneurial revolution on a global/cosmos scale)." (Dkt. No. 21 at 4.)

Even if McFarland's complaint had included a request for monetary damages, it fails to allege that any of the governmental actors breached an applicable standard of care. McFarland alleges that amlodipine causes dizziness but does not question the underlying justification for prescribing the medicine. Prescribing a medication that has some negative side effects does not, in and of itself, suggest a breach of a standard of care. Similarly, McFarland's complaint does not explain how the treatment he received for his fall and injury breaches a standard of care. Accordingly, the court will dismiss the complaint because it does not plausibly allege a medical malpractice claim under Virginia law. *See Smith v. United States*, Case No. 6:23-cv-00078, 2024 WL 4218850, at *16 (W.D. Va. Sept. 17, 2024) (dismissing claim that "makes no clear assertions about what standard of care this breached, what injury Plaintiff suffered, and how the Defendant's course of action proximately caused this harm").

## III. CONCLUSION

The court will issue an appropriate order granting the motion to dismiss, denying plaintiff's motion to amend his complaint, and denying plaintiff's motion for reconsideration.

Entered: September 8, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge